SOLOMON J. FIRESTONE V. JOHN A. DELLENBAUGH ET AL.

ANNUAL INTEREST AT 8 PER CENT TO BE PAID SEMIANNUALLY IS NOT USURIOUS.

A promissory note which provides "that it shall be payable one year after date with 8 per cent interest, to be paid annually, interest and principal after maturity to bear 8 per cent annual interest, to be paid semiannually," is not usurious.

[For other cases in point, see 5 Cyc. Dig., "Interest and Usury," §§ 337-341.—Ed.]

[Syllabus approved by the court.]

ERROR to Columbiana common pleas court.

**Potts & Wells,** for plaintiff in error:

By the common law, parties may contract for any rate of interest. *Riddle* v. *Canby,* 2 Dec. Re. 586 (4 W. L. M. 124); *Watkinson* v. *Root,* 4 Ohio 373; *Reddish* v. *Watson,* 6 Ohio 510.

Construction of usury statute in this state. *Iron Ry.* v. *Furnace Co.* 49 Ohio St. 102 [30 N. E. Rep. 616]; *Rice* v. *Hassenpflug,* 45 Ohio St. 377 [13 N. E. Rep. 655]; *McClelland* v. *Sorter,* 39 Ohio St. 12.

The tendency of courts in modern times is to extend the right to recover interest. *Watkinson* v. *Root,* 4 Ohio 373; *Wilson* v. *Troy,* 135 N. Y. 96 [32 N. E. Rep. 44; 18 L. R. A. 449; 31 Am. St. Rep. 817].

An agreement to pay interest upon interest, after the interest has accrued is not usurious. *Fobes* v. *Cantfield,* 3 Ohio 17.

1   O. C. C.   Vol. 30

## Columbiana County.

The following authorities were also cited and commented upon. Anderson's Law Dict. 563, 1074; 3 Parsons, Contracts 150-153; *Guernsey* v. *Rexford*, 63 N. Y. 631; *Craig* v. *McColloch*, 20 W. Va. 148; *Stewart* v. *Petree*, 55 N. Y. 621 [14 Am. Rep. 352]; *Anketel* v. *Converse*, 17 Ohio St. 11 [91 Am. Dec. 115]; *Marietta Iron Works* v. *Lottimer*, 25 Ohio St. 621; *Dunlap* v. *Wiseman*, 13 Dec. Re. 244 (2 Disn. 398); *Cramer* v. *Lepper*, 26 Ohio St. 59 [20 Am. Rep. 756]; *Cook* v. *Courtright*, 40 Ohio St. 248 [48 Am. Rep. 681]; *Fobes* v. *Cantfield*, 3 Ohio 17; *Taylor* v. *Hiestand*, 46 Ohio St. 345 [20 N. E. Rep. 345].

J. R. **Carey** and G. T. **Farrel**, for defendants in error:

Due and unpaid interest upon principal may draw interest. Interest upon interest shall not draw interest. *Anketel* v. *Converse*, 17 Ohio St. 11 [91 Am. Dec. 115]; 16 Am. & Eng. Enc. Law (2 ed.) 1078; 29 Am. & Eng. Enc. Law (2 ed.) 492; *Drury* v. *Wolfe*, 134 Ill. 294 [25 N. E. Rep. 626]; *Burns* v. *Anderson*, 68 Ind. 181; *Brown* v. *Crow*, 29 S. W. Rep. 653 (Tex. Civ. App.).

The question is not what the general assembly intended to enact but what is the meaning of that which it did enact. *Stingluff* v. *Weaver*, 66 Ohio St. 621 [64 N. E. Rep. 574].

The natural meaning if evident and in clear terms, needs no interpretation. Conjectures to restrict or extend are but attempts to evade. *Lawler* v. *Burt*, 7 Ohio St. 340.

**COOK, J.**

The action below was for the foreclosure of a chattel mortgage given by John A. Dellenbaugh and Sarah A. Dellenbaugh, his wife, to Firestone Brothers, of whom Solomon J. Firestone is the successor, to secure the payment of several promissory notes—all of the same character—of which the following is a copy of one of the notes:

"New Lisbon, Ohio, February 1, 1888.

"On or before one year after date we or either of us promise to pay Firestone Brothers or order at the banking house of Firestone Brothers, New Lisbon, Ohio, the sum of $500 with 8 per cent interest to be paid annually. Interest and principal after maturity to bear 8 per cent annual interest to be paid semiannually."

Between 1888 and the time of bringing the suit some principal and a large amount of interest had been paid upon the notes. The manner of computing the interest after maturity by consent of both parties was to compute interest upon the principal at 8 per cent, payable semiannually; and the interest upon the interest overdue upon the notes un-

Firestone v. Dellenbaugh.

paid at 8 per cent payable semiannually, and upon the interest upon interest which was unpaid at 6 per cent, simple interest, up to the time of computation and settlement.

The question made by the defendants before the referee in ascertaining the amount due upon the notes, was, that the notes were usurious and that only simple interest at 6 per cent was all that could be collected upon the notes. The referee held, against the contention of the defendant, that the notes were not usurious; that the manner that the parties had computed the interest made in their various settlements, was correct and found for the plaintiff in the sum of about $12,000.

Upon his report's being made exceptions were taken and the court confirmed the report in every respect except upon the finding that the notes were not usurious, and held that they were; and rendered a judgment and decree for about $6,000 instead of $12,000. The question made upon error is, Who was right, the referee or the court?

Revised Statute 3179 (Lan. 5095), which was in force when the contract was made provides:

"The parties to a bond, bill, promissory note, or other instrument of writing for the forbearance or payment of money at any future time, may stipulate therein for the payment of interest upon the amount thereof at any rate not exceeding 8 per cent per annum, payable annually."

While it would seem from the text of the statute that the intent of the legislature was, that money should in no case earn more than 8 per cent per year, yet it is now well settled that such is not the fact, and that although the statute provides that interest may be reserved at 8 per cent "per annum, payable annually," the words "payable annually" have no effect in qualifying the language of the statute whatever, and that it should be read the same as if the words were eliminated. *Cook v. Courtright*, 40 Ohio St. 248 [48 Am. Rep. 681].

In that case it was held that under the act of May 4, 1869 (66 O. L. 91; Rev. Stat. 3179; Lan. 5095):

"A promissory note stipulating for the payment of the principal at a future time 'with interest therein at 8 per centum per annum, payable semiannually until paid' is not usurious."

In the opinion, on page 251, it is said:

"Under a contract to pay 8 per centum per annum, payable semiannually, upon a given principal, the interest to be paid, upon that principal, is precisely the same as under a contract to pay '8 per centum per annum payable annually,' upon the same principal. If the installment of interest falling due at the end of six months should not be

paid, and the law would permit interest to run upon it at 6 per cent until paid, no part of that 6 per cent interest would be interest upon the principal named in the note. And such interest upon interest, if collectible, would not form any part of the interest 'stipulated for.' If collectible at all it would be because of the other sections of the same statute.

"The third section applies to 'all cases other than those provided for in the first and second sections of this act.' The first section we have quoted in full. The second applies to judgments, decrees and orders rendered upon any contract made under the first section. As the first section relates only to contracts for interest upon the principal, a suit for interest upon overdue interest may be considered a case 'other than' those provided for by said section, and is therefore collectible under said third section. And, if separately sued for, the judgment obtained would draw interest under the fourth section."

In the case of *Taylor* v. *Hiestand*, 46 Ohio St. 345 [20 N. E. Rep. 345], it is held:

"A promissory note bearing interest at the rate of 8 per cent per annum, payable semiannually, is not usurious, although it stipulates that the semiannual installments of interest shall bear interest at the same rate if not paid when due."

And in the opinion, in referring *Cook* v. *Courtright, supra,* it is said, page 347:

"This statute was under consideration in *Cook* v. *Courtright,* 40 Ohio St. 248 [48 Am. Rep. 681], and the court there held, first, that a promissory note is not usurious though it contain a stipulation for the semiannual payment of interest at the rate of 8 per cent per annum; and second, that the semiannual installments of interest will bear interest at the rate of 6 per cent per annum from the day they fall due, but form no part of the interest stipulated for 'upon the amount of the note.' This decision has become a rule of property, and we see no sufficient reason to disturb it now; and it furnishes a rule by which the rights of parties to this action can be ascertained. It establishes the doctrine that the payee of a promissory note may receive at the end of the year, as interest, a sum of money equal to 8 per centum on the face of the note, with 6 per centum for six months on the first installment of interest added thereto. Therefore, the fact that it is apparent on the face of a promissory note that it will earn in any one year, as interest, a sum of money greater than 8 per cent on the principal sum, will not necessarily render it usurious. The court says in that connection, *Cook* v. *Courtright, supra,* 'No part of that 6 per cent interest

Firestone v. Dellenbaugh.

would be interest upon the principal named in the note.' This is equally true of the note here, and the only difference in this respect is, that in that case the unpaid installment bears interest at 6 per cent and in this case at 8 per cent. In either case the promissory note on its face earns more than 8 per cent per annum on the principal.

"It is said, however, that in the case here, there is an expressed stipulation for interest on the several installments of interest as they respectively fell due, whilst in the case of *Cook* v. *Courtright, supra,* there was none, but that the installment bore interest by operation of law; and this distinction seems to have been in the mind of the judge who wrote the opinion in that case; but it does not appear to be the principle on which the case turned. The judge there must have referred to an express stipulation, for surely the interest on the installment in that case was the result of the stipulation for the semiannual payment of interest. If there had been no such stipulation, there could have been no interest on interest. And it cannot be important whether the interest on the installments resulted from an express stipulation for its payment, or necessarily, by operation of law, from another stipulation; in either case the result was, apparent on the face of the paper."

It is said that the note in this case differs in an essential particular from the notes that were before the Supreme Court in the cases referred to, in that it provides "interest and principal after maturity to bear 8 per cent annual interest to be paid semiannually"; that this provision makes it a compound interest-bearing note. We do not think so. There is no distinct provision in the note for rests at stated periods at which time the interest should be added to the principal and to bear interest in the same manner as the principal sum; and if a compound interest-bearing note at 8 per cent in this state is usurious, about which there might be some doubt, this is not such a note and we can see no substantial difference between this note and ones referred to. Especially the note in the case of *Taylor* v. *Hiestand, supra.*

In the case of *Cook* v. *Courtright, supra,* it was said that if interest could be collectible at all on the semiannual payments of interest, only 6 per cent could be collected and that by operation of law, under Sec. 3 of the statute which is now Rev. Stat. 3181 (Lan. 5097), but that was doubted in the case of *Taylor* v. *Hiestand, supra,* and it was held that a note of 8 per cent per annum payable semiannually is not usurious, although it stipulates that the semiannual installments shall bear interest at 8 per cent if not paid when due.

What material difference is there under these decisions between interest bearing interest at 8 per cent payable annually and payable semi-

annually? In either case the interest upon the interest could only bear simple interest at 6 per cent which was charged and paid in this case. *Anketel* v. *Converse*, 17 Ohio St. 11 [91 Am. Dec. 115].

Indeed, what difference is there between the note specifying that the note shall bear interest at 8 per cent payable semiannually and that the interest shall bear interest at 8 per cent payable semiannually? In either case more than 8 per cent per annum payable annually is charged for the use of the money.

In 16 Am. & Eng. Enc. Law (2 ed.) 1085, in summing up the authorities upon this question, it is said:

"But it is believed to be a safe statement, as a loose general rule, that interest on interest at a rate not greater than the statute permits should never be held usurious where payment of the interest installments was actually contemplated on the dates fixed, although the aggregate of interest on interest would, if contracted for on the original principal, exceed the rate allowed by law."

We are of opinion that the referee was right and that the court erred in sustaining the exception to his report. Judgment of court of common pleas will be reversed and, this court rendering the judgment the common pleas should have rendered, the report of the referee is confirmed.

**BURROWS, J.,** concurring.

I desire briefly to give the reasons that have induced me to decide in favor of a reversal of the judgment of the court below. I have been brought to the conclusion that the notes in suit are not usurious against my preconceived notions and prejudices. I had the impression that a contract wherein interest in excess of 8 per cent per annum is stipulated for was usurious; especially where such excess was the result of allowing interest upon interest to bear interest. These notes, according to their express terms, contain the stipulation that after maturity interest upon principal and interest shall bear interest at 8 per cent to be paid semiannually.

If these notes do not provide for the compounding of interest semiannually after maturity it is difficult to conceive what language could be used to accomplish that purpose.

Counsel for plaintiff in error contend that they do not so provide; and contend further, that a contract to pay more than 8 per cent per annum for a loan of money, and for the payment semiannually at the same rate of interest upon accrued interest overdue is not usurious in this state; and in support of their contention they cite *Cook* v. *Court-*

*right,* 40 Ohio St. 248 [48 Am. Rep. 681], and *Taylor* v. *Hiestand,* 46 Ohio St. 345 [20 N. E. Rep. 345].

Revised Statute 3179 (Lan. 5095) provides:

"The parties to a bond, bill, promissory note, or other instrument in writing for the forbearance or payment of money at any future time, may stipulate therein for the payment of interest upon the amount thereof at any rate not exceeding 8 per centum per annum, payable annually."

In *Cook* v. *Courtright, supra,* it is held by the Supreme Court commission that it is not usurious to stipulate in a promissory note, due one year after date, for the payment of interest semiannually at the rate of 8 per cent per annum, whereby the holder of the note would be entitled at its maturity to 8 per cent interest on the sum loaned for twelve months and also 6 per cent interest for six months on the semiannual installment of interest.

It is plain that the holder of an 8 per cent promissory note given "for the forbearance or payment of money at any future time" will receive more than 8 per cent per annum for the use of his money if any part of said interest is paid or to be paid prior to the expiration of said "future time," except, of course, where the interest is made payable annually.

It is idle to attempt to criticize the validity of the reasoning upon which *Cook* v. *Courtright, supra,* is grounded, as that decision seven years later was approved by the Supreme Court on the ground that "It had become a rule of property."

In the case of *Tayolr* v. *Hiestand, supra,* the question of the validity of a stipulation to pay interest at 8 per cent, semiannually, on a note payable three years after date, with interest at the same rate on installments of interest overdue, was fully considered, and a precise and comprehensive rule established for such cases.

It is there held that whatever stipulations may legally be put into a new contract between the parties made after any installment of interest has been paid in respect thereof may be made in advance and in the original promissory note.

This rule and the reasons for it are given at page 348:

"Take another view of the subject: If the first installment had been paid, it is clear that a new loan could have been made between the parties of the money at the rate of 8 per cent per annum. If it was not paid, a right of action to recover it would at once accrue to the payee; and we think it clear the parties would be clothed with full power, under the statute, to stipulate for its payment at a future day

Columbiana County.

with interest at 8 per cent per annum. If this can be done after default in the payment of an installment, no reason is apparent why the parties in the first instance might not anticipate and provide in advance for the contingency of a default. This we think may be done, and is what the parties to the note, in fact, did in the case before us.''

Under this rule no good reason can be given why parties may not stipulate in a promissory note payable at a future time that interest upon interest may be made to bear interest indefinitely with such periodic rests as may be agreed upon, for surely they could so stipulate in a new contract as to such interest, in case the same had been paid. If we understand this rule correctly, the case we have in hand is easy of solution.

The claims that more than 8 per cent interest per annum was agreed to be paid, and that interest upon interest is to bear interest to be computed with semiannual rests, become immaterial incidents, so long as only an 8 per cent interest rate is applied and reapplied to the interest upon interest as it periodically falls due.

It is of no importance that we think this rule of decision indefensible and that it virtually ignores the evident intent of Rev. Stat. 3179 (Lan. 5095), which in terms permits an 8 per cent rate of interest per annum to be received and no more on the sum loaned from the date of the loan till the time the loan is paid. Nor is it important that we think that a provision for compounding the interest on a loan was not contemplated by the legislature in passing this or any other statute relating to interest; but we must adopt and apply the interpretation placed upon the statute by the Supreme Court; and this interpretation, as we understand it, leads the majority of the court to hold that the notes in suit are not usurious.

**Laubie, J.,** dissents.